We'll hear argument next in Case 18-6943, Banister v. Davis. Mr. Burgess. Thank you, Mr. Chief Justice, and may it please the Court. The Fifth Circuit's decision should be reversed for either of two independent reasons. First, a Rule 59e motion filed within 20 days of judgment is part of the first full opportunity to pursue habeas relief. It is not a second habeas application. In the 50 years between Rule 59's adoption and AEDPA's enactment, there is no record of a Court ever treating a timely Rule 59 motion merely seeking reconsideration as though it were a second habeas application. AEDPA did not change this settled practice, and nothing in this Court's Gonzales decision suggests otherwise. Rule 60b motions present obvious opportunities to circumvent AEDPA's restrictions, as the facts in Gonzales itself well illustrate. There, the motion was filed years after the judgment and well after the end of any appellate proceedings. Rule 59e motions are different. They have to be filed within 28 days of judgment, they suspend the judgment's finality, and they result in a single appeal. Second, by dismissing Mr. Banister's appeal as untimely, the Fifth Circuit effectively penalized him for following the plain terms of Appellate Rule 4a. There is no basis in the rule or in AEDPA for retroactively recharacterizing the timely Rule 59e motion and treating it as though it were never filed for purposes of Rule 4a. On this issue, Texas and the United States notably rely on a new argument. Their position is that Mr. Banister's Rule 59 motion shouldn't count because it wasn't filed properly. But the basic problem with that argument is there is no properly filed requirement in Rule 4a. And we think this Court should reject the government's invitation to rewrite the plain terms of that rule, which would significantly complicate what is supposed to be a clear, straightforward jurisdictional inquiry and would have implications for all civil proceedings in addition to habeas. I'd like to start with our first argument. On that issue, our rule is clear. If a motion is filed when a court still has authority to enter or revise the judgment before any appeal, it is part of the first habeas proceeding. As a result, it cannot be a second petition. But that's the motion is repetitive of the habeas petition. That is, and it's made after the entry of judgment. So if you were thinking, is this second, yes, it is, in the sense that I said it in my habeas petition, and now I'm saying it again in my Rule 59e motion. It's an identical argument, and it's repeated a second time. Right. But we think that can't be the test for what counts as being second or successive. The Court has noted that second or successive is a term of art, so not anything that is literally filed after the first application will be treated as second or successive. For example, an amended complaint is going to be presenting, you know, claims that could be overlapping again. Alitoso, what if a pro se within the 28 days files what is styled as a petition as a second petition? We think it probably should be characterized as a Rule 59e motion in that context to the extent it is seeking to alter or amend the judgment. So, no, we don't think that that would be treated as being a second habeas application. But it would have to meet the 28-day. It would have to meet the 28-day deadline, and, of course, it wouldn't have the sort of effect under Rule 4a for suspending the time to appeal, because to get that suspension effect, it actually has to be a motion. Alitoso, basically what you're saying is that although AEDPA restricts the filing of a second or successive habeas petition, a prisoner can, in effect, file a second or successive habeas petition, indeed, one that is styled as a habeas petition, so long as it's done within 28 days. I mean, I think on our view or their view, there's going to be a cutoff time. Certainly, a petitioner could file something styled as here is my second habeas application while the first case is still pending, and every court would treat that as a motion to amend the initial habeas application. So our position is only that while the district court still has authority over its initial judgment, before there is a process to appeal, you would apply the same rule. Alitoso, when we have two rules here, two laws here, one is the habeas statute, which was enacted by Congress. The other is a rule governing habeas proceedings, which took effect under the rules enabling act. Are they of equal stature? No. I mean, the relevant rule here, I think, is habeas rule 12, which provides that the rules of Federal civil procedure apply as default unless they are inconsistent with AEDPA, with the statute or any habeas-specific rule. But since the habeas statute was actually enacted by Congress, it is a law under the Constitution, shouldn't we take special care to make sure that it is heeded and not compromise it based on a rule that cannot alter a statute? I certainly agree that the statute gets precedence, but you have to interpret the key term, second or successive. And on that term, this Court has recognized that that's a term of art that basically carried forward pre-AEDPA practice and precedent is sort of relevant to incorporating it. So AEDPA, no doubt, tightened the restrictions on when a second or successive application could be allowed, both sort of substantively in terms of when it would be allowed, and procedurally, you have to first go to the court of appeals and get preclearance. But in terms of what would count as being second or successive in the first place, that's a term of art that basically carries forward. And the other side has not disagreed with our proposition that there's just no evidence that Rule 59e motions merely seeking reconsideration were ever treated as successive petitions. But why would it take what – I'm sorry. I don't know if this is the same question Justice Alito was asking or that you answered, where things that are styled second habeas. But what if it is exactly the same thing? I mean, I think it may be fairly common with respect to pro se Petitioners. They just take the habeas Petition and put another cover on it and say 59e. Are you still going to treat that as not a second and successive habeas Petition? I think within – our rule is within the 28 days when the court still has authority and the filing of a motion can suspend the judgment, that no, we don't think that that should be treated. Sotomayor, How about putting the labels aside a moment? One could argue that restyling the first as a Rule 59e is a motion for reconsideration. But how about a totally new claim, one that indisputably is not a reconsideration motion, but a motion to amend, basically, to add a claim? Something like what happened in the one decision in those 50 years that did say that adding a due process claim was an abuse of the writ, okay? It was not a proper 59e, it was an abuse of the writ because it was adding a new claim. What about that situation? So our position is that the right way to think about that is exactly that it is not a proper use of Rule 59e and that it is certainly going to fail for that reason, but it should not be treated as a second habeas application if it is filed within that time period. That's how the Third Circuit, for example, in the Blystone decision, dealt with that situation. They said no, this was filed as a Rule 59e motion. It was seeking to alter amended judgment and including adding new claims. We don't think that that's a second habeas petition, but of course you can't do that under Rule 59. Rule 59 is not something you are supposed to be using to raise new claims. Now, there is a fallback position. Chief Judge Boggs in the Sixth Circuit decision and his approach was then adopted by the Ninth Circuit, which was to say that if you are basically using, you know, you use the title Rule 59, but it's clear that's not what you are doing, you are using it to raise a wholly new claim, we think that that would be potentially inconsistent with AEDPA and abuse of it.  Sotomayor, and it would be jurisdictional, I guess, in the sense that it would not toll the statute of limitations or the time, I mean, the time to appeal? If it were not a real Rule 59e motion, seeking to alter. It's the one you just described, yes. Well, I think the question about whether it's going to suspend the judgment turns on just whether it is seeking Rule 59e relief in terms of whether it is actually seeking to alter or amend the judgment. And if it is also raising arguments that you just can't get under Rule 59, I think that is different. And, you know, this goes to our second argument, but our position is that even on this second piece, even if the motion were jurisdictionally barred, that does not mean that it was not filed and was not pending and was not disposed of, as the language used by Rule 4. Alito, before you get to that, can we come back to what we can or can't infer from pre-AEDPA practice? In those days, whether to entertain a second or successive petition was within the discretion of the district court. So how natural would it be for a district court in that situation, upon receiving a 59e motion, to say before I get to this discretionary question about whether I would entertain this if it was a second or successive petition, I have to decide whether it is something that has to be considered that or can be considered a Rule 59e motion? Wouldn't there be a natural tendency for the judge just to jump to the final question about whether the judge is going to entertain it in as a discretionary matter? I think that's quite right, but it supports our point, because discretion wasn't to be open-ended. Certainly after this Court's Coleman decision in 1986 dealing with the ends of justice standard, the idea, you know, the plurality opinion of the Court said you had to make a plausible showing of actual innocence in order to bring the successive petition. Even Justice Stevens in his concurrence said that a showing of actual innocence was relevant to whether at the ends of justice were satisfied. I think it makes very little sense to think that a Petitioner would need to, merely to seek reconsideration within 10 days of having the order entered, is going to make a plausible showing of actual innocence to do that. So it was not an open-ended, the judge could do it for any reason. The end of justice really cabined that discretion, and there's no reason to think that courts ever thought that that would be the standard, that you would need to satisfy that merely to seek reconsideration. Sotomayor, if I'm understanding your argument right, you're basically saying our definition of second and successive habeas should be defined by whether you had a first full opportunity, not just to receive a judgment, but to appeal that judgment. Yes, that it's the, that that first judgment, that first habeas terminates at the time in which your appeal terminates. You're right to it, to it. So there are courts that have taken that position, that the first is not over until the whole appellate process completes. Right. We don't think the Court needs to resolve that, and it doesn't need to go that far to rule in our favor. All right. Why not? Because in our situation, the Court, Mr. Bannister filed his petition within the 28 days when the district court still had discretion, or still had the ability to revise the judgment. And we think that's important because as a result of the way Rule 59e operates in conjunction with Appellate Rule 4a, the filing of it suspends the finality of the judgment. It means that everything is going to merge into a single appeal. Yes, that's, I'm sorry, that I misspoke when I spoke the way I did. How would you articulate your rule then? Sure. The rule that we apply is that if a motion is filed at a time when the Court still has authority to enter or amend its judgment before any potential appeal, it's still part of the first habeas proceeding rather than a second application. Is my recollection correct, and please do tell me it's not, if it isn't, that Rule 59 motions are discretionary in terms of their treatment by the district court and reviewed for abuse of discretion by the courts of appeals? That's the correct standard of review, that's right. In terms of like what the substantive standard is for granting Rule 59e motion, it's supposed to be stringent. It is not a basis just to, you have to show a significant error or potentially an intervening decision that changes the issue. So if it's just an appended repetition of the complaint, there's never going to be an abuse of discretion. It would be very unlikely for there to be an abuse of discretion to refuse to review a motion. To deny the motion? No, that's quite right. And I think the other side complains about the potential burdens that district courts would face, but we think the way that the rule operates and the fact that the motions have to be filed within 28 days to a judge who has just ruled on the merits of the proceeding, the judge is going to be able to quickly determine whether there is anything new here, whether there's any there there to the complaint that he or she made a significant mistake. In this case, the judge acted on Mr. Bannister's Rule 59e motion within 5 days before the State was even required to respond. So we don't think there was any burden. Mr. Burgess. Were you finished? Sorry. Your friend's on the other side, Said Crosby, Gonzales v. Crosby. And note that there was no distinction made there between petitions, Rule 60b petitions that were filed within the 28 days and after the 28 days. So what is your response to that? Is it a feature of your argument that a Rule 60b motion, even within the 28 days, would be treated differently from a Rule 59 motion? Well, no. We think that anything filed within 28 days is subject to our rule. And the reason for that is the Rule 60b motions that are filed within 28 days are treated under the rules effectively as though they are Rule 59e motions. That is the way the rules were adopted, because prior to, I think, the 1993 amendments, there was real confusion about courts were faced with the question, is this a 60b motion, is this a Rule 59e motion, and it's hard to tell the difference. Some courts have adopted a bright-line rule that anything filed within the 28 days is going to be treated as though it is a 59e motion. And that's the position the Rules Committee adopted, and it makes it clear in the advisory committee notes that Rule 60b is on the list within 4A. So all courts are doing that now? They essentially convert whatever you label it, they treat it as a Rule 59 motion? Certainly, for purposes of the timing to appeal. I mean, the standards between them are quite overlapping. In a lot of instances, of course, we're dealing with pro se Petitioners who might not label it in either event. They say motion to reconsider or something to that effect, and it's treated as a Rule 59 if it's within the 28 days. And does it bother you at all that, say, a Rule 60b motion filed on the 29th day will be treated very differently from the Rule 59 motion? It doesn't, because the rules set that up to have different effects. If the motion is filed after 28 days, the district court no longer has authority to amend the judgment. It's not going to be something that suspends the finality of the judgment and allows for a single appeal. So it creates a risk of piecemeal litigation that Ed was designed to prevent, that if something is filed within the 28-day period, would not. I mean, of course, under either side's approach, there's going to be a question of the day after, you know, what counts as being, is the first proceeding having ended and the second having started. Can you address the Solicitor General's reference to 2266 and how you would respond to that argument? Sure. So, I mean, of course, 2266 is a provision that's never actually been in use because it's the opt-in provision. As I understand their argument, they say that because there are specific deadlines that are listed for different sorts of motions, but Rule 59 is not on the list, that that means it should be excluded from the statute. But that's not consistent with their own position, because they recognize that Rule 59 e-motions are permissible. Their position is that only if it is raising a claim within the meaning of Gonzales would it present a potential issue. So the fact that they're not specifically enumerated there can't prove anything or it would simply prove too much, because it's contrary to their own position. The way we would handle that is to the 2266 were ever operationalized and if its deadlines ever sort of went into effect, one could reasonably make an argument that in that specific context, perhaps Rule 59 e-motions and all Rule 59 e-motions, not specifically ones that raise Gonzales claims, maybe those would be inconsistent with the text of the statute, or with the text of the statute. But that doesn't suggest that all Rule 59 e-motions outside of that context are going  Alitoso, why is your position favorable to habeas Petitioners in general? Wouldn't it be easier for them just to ask for a certificate of appealability? Certainly, they can do that. We think the reason, you know, this Court has recognized in other contexts that Rule 59 e-motions, they provide an opportunity to quickly correct potential errors and to avoid the whole appeal process. Even in the, you know, we acknowledge that those actual orders change in the outcome are rare, but less rare is a decision that clarifies the basis for the decision and might clarify the grounds for an appeal and make things go smoother. I think the flip side of that I do want to comment on is that we believe the other side's position is much, going to be much more inefficient, sort of perversely, even though they argue that their approach is designed to streamline the habeas review process, because under their approach, any time a Rule 59 e-motion is filed, a judge cannot just look at it and say, I don't see anything here denied. Instead, the judge has to make a threshold inquiry to determine, is there something that constitutes a habeas claim within the meaning of Gonzales? In some instances that might be simple, in others not so much. And after the court makes that determination, it then has to decide, well, suppose this is a mixed Rule 59 e-motion in the sense that it raises some things that are claims, but some things that are not, because it goes into the integrity of the Federal proceeding. There's no clarity under the other side's approach how the court is supposed to handle that. If it is something that raises a claim, rather, again, rather than simply having the motion denied and moving on with the appellate process, what happens is that the motion would be transferred to the court of appeals, which then has to take its new independent look to determine whether the requirements of 2244b are satisfied. And we think it would just be, it's much more efficient for a court that has just ruled on a motion, and that by its nature, a Rule 59 e-motion has to be filed immediately after the judgment to be able to review it, and if there's nothing there, deny it, and then the process can move forward with the certificate of appealability. And if there is something there or if there's something that needs to be clarified, the judge can do that as well, and that can greatly make the appellate process more efficient. Alitoso, was intended to move habeas petitions along quickly, and it's full of deadlines. But there is no deadline for ruling on a 59 e-motion. Isn't that an anomaly? There's no deadline for ruling on a habeas petition, either. We don't see any reason to think that a district judge who has just invested the time to rule on the habeas petition is for some reason going to spend a lot of time with a Rule 59 e-motion that has been just filed. And, again, I keep emphasizing that it has to be filed promptly. That cannot be under a rule, Federal Rule of Civil Procedure 6b. There can be no extensions to the 28-day deadline for filing a Rule 59 e-motion. So there's no way to avoid it being something that moves quickly. And to return to the point I was making at the outset, that's quite different from the situation in Gonzales, where you have a Rule 60b motion that can be filed years after the judgment, and presents obvious opportunities to circumvent AEDPA's restrictions by reopening cases that would otherwise be closed unless you could satisfy 2244. And that's why we think Gonzales just does not speak to the key question here. There, there was no doubt that the first proceeding had ended. So the only question the Court faced was whether the 60b motion could be close enough, is similar enough to a new habeas application that would be inconsistent with the statute not to subject it to 2244b. Here the question is different. It's whether this motion is part of the first habeas proceeding. And it has always been treated that way. And we see no reason for no basis in AEDPA to displace that settled practice. I did want to turn again to our argument about Appellate Rule 4a, because I do want to emphasize that it is a distinct argument. We think that even if section 2244b were relevant in the sense that it barred someone from pursuing 59e relief that raised a claim and prevented the district judge from acting upon it, it would not mean that the Rule 4a did not apply to suspend the judgment. And the reason for that is that the relevant requirement is that the motion be filed, not that it be properly filed, not that it be filed in a court with jurisdiction. So under the plain text of a rule, of the rule, if a motion is filed improperly in a court that lacks jurisdiction, it nonetheless has been filed because it was received and it nonetheless has been disposed of. Rule 4a uses the term disposed of, not denied. If it used denied, it might be reasonable for the other side to argue that, well, the judge can't deny a motion that he doesn't have jurisdiction to entertain, but he quite clear – a judge quite clearly can dispose of a motion that was filed that the judge lacked jurisdiction to entertain. And we think it does not make sense to rewrite the plain terms of Appellate Rule 4a in a way that is going to make it such that individuals like Mr. Bannister, often pro se litigants, who are following the plain terms of the text, are – nonetheless lose their ability to pursue their first habeas appeal because a court, a year after the motion was filed, decides, well, this was actually close enough to a habeas petition that we're not going to give the benefit of Rule 4a and we are going to treat it as untimely. We don't think that is consistent with the statute. If the Court has no further questions, I will reserve until rebuttal. Roberts. Thank you, counsel. Mr. Hawkins. Mr. Chief Justice, and may it please the Court. A ruling for Bannister would give every habeas petitioner the right to file a second round of merits briefing, demand a second decision on his claims, extend automatically his deadline to appeal, and delay the repose of his sentence. That result is contrary to the text and purpose of AEDPA and this Court's decision in Gonzalez. The second or successive bar applies to Rule 59e motions for at least three reasons. The first is text. Just like Rule 60b motions, 59e motions are post-judgment vehicles to present habeas claims. And when a Rule 59e motion presents claims that have already been rejected by a final judgment, the motion is necessarily a second or successive habeas application for the same reasons that a Rule 60b motion would be. Second is precedent. There is no sound reason to have one rule under Gonzalez for 60b motions and a categorical exception for 59e motions. Both can present habeas claims and both are filed after final judgment. The third is AEDPA's purposes. As Justice Alito pointed out, AEDPA exists to promote finality and to streamline proceedings by moving cases along to their next stage. That's why Habeas Rule 11 allows the Petitioner to seek reconsideration of the district court's order denying a certificate of appealability. But it also provides that such a motion for reconsideration does not extend the notice of appeal deadline. Yet according to Bannister, he could thwart that rule by simply attacking the merits of the judgment and thereby grant himself an extension that Rule 11 would otherwise deny. For these reasons, the Court should hold that a – that the second or successive bar applies with full force to 59e motions. And that rule requires affirmance here. Bannister acknowledges that his 59e motion presented habeas claims and that those claims had been rejected by the previous final judgment. Ginsburg. May I ask your introductory statement? This will give me an opportunity to file new briefs and all that. But that's not what happened here. The 59e motion was filed, and I think it was denied, what, five days later, and there were no briefings. The judge had just denied the habeas. This was a repetition of what was in the habeas. Had no problem disposing of it swiftly. So I don't see all the additional briefing that you said at the outset of your argument. Well, Your Honor, first, there was an extension that Bannister effectively granted himself. That extension in this case was only five days. But again, as Justice Alito pointed out, there's no deadline for ruling on a 59e motion. Other habeas Petitioners may get much longer extensions. Bannister's 59e motion was 30-some pages, and it asked the district court to redo its work on 14 different claims that he'd raised in his original filings. But the district court had just ruled on the same thing and had no problem. And in this case, Justice Ginsburg, it's true that the district court was able to dispose of that relatively quickly. But it's worth noting that Bannister's original motions practice in district court totaled almost 1,000 pages of material, much of which was stylized as a stage play complete with stage directions. If he'd simply refiled that 1,000 pages worth of material, stylized as a Rule 59e motion, it likely would have taken the district court much longer to go through that and figure out whether there's any. Or it might have taken the district court no time at all. I mean, you file a stylized play, 1,000 pages of a stylized play, twice. I would think the second time around, the district court might be righteously indignant and have very little trouble denying that. And isn't that, I mean, if you want to talk about equities and efficiencies, I would appreciate some response to the argument that we've already heard and you're well aware of, that this is more efficient than allowing the court of appeals, forcing the court of appeals to have to, you bounce it upstairs, you're asking the court of appeals to decide whether it's a true Rule 59, or a fake one, I suppose. And that in the 60B context has proven to be a not inconsiderable burden. So you tell me, who's got the better of the efficiencies? Justice Gorsuch, we've got the better of the efficiencies of Rule 59, and we've  got the better of the efficiencies of Rule 59.  I think that's the best argument, because AEDPA is about moving cases along to the next stage, and by burdening the district courts with yet another motion presenting a whole bunch of habeas claims, many of which have been rejected already, is simply delaying the process further because it's granting him an extension on his NOA deadline. How do you deal with just, just look at Federal Rule Appellate Procedure 4A14. If a party timely files, it doesn't say properly files, it says timely files a motion to alter or amend the judgment, the time to file an appeal from the judgment runs from the entry of the order disposing of the motion. Why isn't that instruction dispositive of this case? Well, Your Honor, this Court has recognized that baked into that is a requirement that the motion satisfy the preconditions to filing. For example, we see in FCC v. League of Women Voters that if you file a 59e motion that doesn't go to the objects of Rule 59, then it's not actually filed, and it doesn't extend your notice of appeal deadline. And the courts of appeals have recognized that as well in 59e context. For example, the Tenth Circuit, in an opinion by Judge McConnell in a case called Lender v. Raytheon, noted that a Rule 59e motion that did not comply with Rule 7's pleading requirements is not actually filed and does not have any effect on the notice of appeal deadline. That settled rule flows from cases like Morse, which this Court decided a number of decades ago. Sotomayor, you're defeating your own point. Do you have any statistics to show how long 59e motions actually take to adjudicate? I mean, I can't rely on my personal experience, but mine was not different than what happened in this case, very quick, that they were decisions. But do you have any proof that there's actually an abuse of 59e so that it extends the appeal time inordinately? Well, Justice Sotomayor, two answers to that. First, as to statistics, we don't have any because many of these 59e decisions don't make it into a database where you could add them up and count them. But the second point is you don't have to take my word for it. Let me direct the Court's attention to a case out of the Southern District of Alabama called Aird v. United States. It's 339 F sub 2nd, 1311. The district court there laments the use of 59e motions for the senseless rehashing of frivolous arguments the courts have already rejected. And there are many district courts that cite that decision to express their frustration with the process of the court. I don't know if we can find that out, but, I mean, intuitively, I do not have that experience. But there are judges on this bench who do have the experience of being a district judge, so I guess they'll have a view. I absolutely agree. I'm thinking, first, there's one appeal. It doesn't give you an extra appeal, a 59, so the issue in front of us is, is a Rule 59 motion part of the same case, the first habeas that you brought, or is it a new thing? Is it second or successive? That's the question. You agree, I take it, that judge says, we're not going to have 15 witnesses because of next day. Lawyer says, judge, you forgot the word not in there. Oh, my God. Now, everybody agrees you should be able to do that. Right? Because that's before final judgment. Well, is that the reason, or is it because it's an efficient way of getting the judge to correct his own errors? You don't have to answer that. But what I'm thinking of is, you're right, that if 59 does about the same thing after the final judgment in 28 days, most of them will be dismissed. 28-day extension, 20-day extension. But let's look at the ones that are granted. Now, the judge says, my God, I made a mistake, et cetera. Which is more likely? Is it more likely if you keep those cases out of the court of appeals that the system is all going to take much longer because the guy's going to bring it up on appeal and everybody will have to deal with this kind of thing? Or is it going to be shorter if the person who made the decision deals with it initially? That was the last argument you heard. And I would have thought to have the judge who made the initial decision very quickly correct it will save time, rather than saying, judge, you are forbidden to correct what you see as a mistake of yourself. And we're going to go to the appeals court. Well, Justice Breyer, if you... That was his argument, I think. And I think it was brought up again, roughly. And I want to hear what the answer is. Well, Justice Breyer, a few things in response. Number one, to the extent there's a policy judgment that needs to be made here, Congress has made that in 2244B, and that's conclusive. To the extent that there are errors that the district court needs to correct... No, 2244B, I thought, has these words, second or successive. And the issue in front of us is, is the 59B second or successive, or is it part of the same case? During a 28-day period, you can, it's not too late, get that judgment amended, and that's part of the same case. That's the issue. I don't see here the words decided. So I'd like you to go back to what I think was George Siscorsich's point, what I think was the last point raised here, and certainly was what my basic point was. Justice Breyer, if the concern is efficiency in correcting errors, Rule 60A allows the district court to correct clerical errors. The rule that we're advocating today I don't think would touch most of those cases to the extent you're saying there's a clerical error. We don't object to the district court fixing that, because that's not a habeas point. There are other things besides clerical errors, though, right? And what we do, I guess what was instructive to me was the historian's brief, and that the difference between 60 and 59 is a dichotomy that's pretty ancient, and that trial courts have, since time out of mind, I guess, had the authority to amend their judgments to correct errors, not just clerical ones, but other significant ones that they wish to, so long as the court's in session. And that is the end. When it divests itself, when it finishes its term, that's when it goes off to the I think, Justice Gorsuch, the best place to draw that line is at the final judgment. In any civil litigation, the final judgment is what determines the party's rights and obligations relative to one another. It can immediately form the basis of the final judgment. I understand that. I understand that. But you have to – I'm asking you to deal with the history, which is that that's not the case, right? The history was that after final judgment, so long as the trial court was sitting, it had an opportunity to fix its errors, substantive as well as clerical. And you've already admitted clerical, so why not really egregious errors as well? I would have thought that you would – if you're conceding clerical errors can be corrected during the quote-unquote term of court, you'd want egregious ones, too. Well, Your Honor, in enacting 2244, Congress made the decision that whatever the history might have been, it wants this going to the court of appeals. AEDPA does not just simply codify all the old abuse of the writ doctrine. As Justice Thomas wrote for the court in – for his opinion in Magwood, Justice Scalia's opinion in McQuiggan v. Perkins, AEDPA – Well, I thought that that was not the precedent of this Court, Mr. Hawkins, that with respect to the meaning of second and successive, as compared to many, many other things that AEDPA did that were departures from what had preceded it, but that with respect to the meaning of second and successive, this Court has said multiple times that we are going to look back to the history. And the history suggests what Justice Gorsuch says it did, that Rule 60 motions were treated very differently from Rule 59 motions. Well, Your Honor, the courting in Zalas didn't look to history at all. It started with the plain text of AEDPA. It said what's a claim, what's an application, is it second or successive. It didn't discuss the abuse of the writ doctrine, didn't look to common law, didn't look to the equity rules. Ginsburg. 60B is a discrete proceeding, and it results in a separate appeal from the ruling. 59E is so tightly tied to that first judgment. I mean, if you – if the motion is denied, then that disposition merges into the final judgment, and you have one, not two documents from which you appeal. So it's – a denial of 59E motion, what you're left with is an appeal from the first habeas. So how can it be successive or second if it is so tightly pinned to the first habeas petition, and the disposition merges into that final judgment? Well, two responses, Justice Ginsburg. First, I think the same thing would be true of a 60B filed within 28 days. The second – Yes, but I think that was conceded that that is the equivalent of 59E. Your Honor, Justice Ginsburg, I would ask you to look at the way AEDPA treats the final judgment. In habeas rule 11, AEDPA requires the district court in the final judgment, the same time it issues final judgment, the district court has to say whether it's granting a certificate of appealability or denying a certificate of appealability. Now, that, I think, is a very important clue from Congress, that Congress viewed the final judgment as the turning point. That's when we're done in district court and we're moving the case along to the next stage, which is in the court of appeals. But the pre-AEDPA practice was to treat 59 and 60 differently. So you would expect some clear indication, I think, from Congress if they were going to upend that longstanding practice in repeating the second or successive language. And you started your argument by saying there's no difference between 59 and 60, but there's the 28-day time period and there is the pre-AEDPA history where the lower courts really did distinguish the two in this context. So how do you respond to that? Well, Justice Kavanaugh, I think that Congress did include text that clearly supplanted that, and it is the second or successive bar in section 2244, which says that if you're filing a piece of paper that has habeas claims and it's second  How about an amended complaint, then? Justice Kavanaugh, an amended complaint is not a second or successive habeas application because it comes prior to final judgment. Our view is that the final judgment of the district court is the dividing line between prior or second, and that makes sense. The text of the statute says you've got something that's prior and something that's second or successive. There's got to be a dividing line between them somewhere. Well, why isn't the dividing line when the court has power over the case? The court still has power over the case at this point. It doesn't lose it until the time to appeal runs. Why isn't that the natural dividing line? This Court still has this case. Because – a couple of answers, Justice Kagan. First, as I indicated earlier, Rule 11 is a clear signal that Congress views the final judgment as the turning point in the case out of the district court into the court of appeals. Second, it's a general rule of – But the final judgment that gets suspended, at least for appeal purposes, the finality is suspended. That's not correct, Justice Ginsburg. The final judgment in any civil case can be executed immediately. It's immediately a basis for collateral estoppel, for claim preclusion. It can immediately – Yes, but for purposes of appeal, it isn't. It is suspended for that purpose. No, that's also not correct, Justice Ginsburg. The deadline to appeal is suspended when a 59E is filed, but you can still file a notice of appeal immediately. That's covered by FRAP 4A, 4B. So the notion that there's any suspension of finality, I think, is a misnomer. It's not the correct way to look at it. Rule 4 is simply saying that if you file a 59E, your deadline to appeal is suspended. But in all other respects, that judgment is still final, it's still the basis of all the things that I indicated earlier, and within the meaning of Rule 11, that's the turning point, when we're done in district court and we're going on to the court of appeals. Ginsburg. What do you do with the merger that this is treated? I mean, if the motion is denied, it merges into the final judgment. Well, Your Honor, I don't think that has any impact on my argument at all. In ordinary civil litigation, the merger principle means that the court of appeals is getting one appeal based on the final judgment, the denial of the 59E. In this case, the 59E is not actually filed in district court if it's a second or successive application, because it didn't comply with 2244's routing mechanism. It needs permission from the court of appeals. So the district court has no jurisdiction to entertain it, cannot act on it, it's not filed, and at that point, it's effectively something the district court doesn't have jurisdiction to do. Breyer, do I have this right or not? In your view, on day 42, after the original complaint was filed, and they had a trial and hearing and so forth, judgment comes in. The lawyer reads it. Next day, he files a piece of paper. Your Honor, the judgment says X. All the evidence was the other way. You must have skipped those pages. And if you go back to the State court, it was the opposite. The judge looks at it and says, my God, he's right. I would like to change this. And you're saying, too bad, too bad. You can't change it. The only thing to do is to go to the court of appeals on the first one, on the first judgment before he wants to change it and he can't, and we'll have the court of appeals change it. Is that what your view is? Not quite, Justice Breyer. My view is this. That piece of paper that Your Honor is talking about has to be routed through the court of appeals in order for the district court to entertain it. But I'm not saying that AEDPA divests district courts of their inherent power to sue Esponte. I didn't say that. I just said that if I take your argument, then you see what the point of my example was, that this is a pretty good waste of time, and that's why we have Rule 59 to prevent those wastes of time. That's my argument. And that's what I want to hear you respond to, if that's okay. May I respond, Mr. Chief Justice? Sure. Well, Your Honor, as was indicated earlier, to the extent there's a policy judgment being made here, Congress has clearly determined that it wants these going to the court of appeals. Congress was surely aware that there may be instances in which the district court could quickly and easily dispose of a second or successive application, whether it's a 60B, a 59E, a 2241, or anything else. Congress made that decision for us. Thank you, counsel. Thank you. Mr. Schneider. Mr. Chief Justice, and may it please the Court. Justice Breyer, I'd like to start with the last question that you asked, and then I'd entertain any other questions. To the extent that what you're doing here is you're making a practical determination, I think it's relevant that while Petitioner says that this, that his rule will allow courts to correct obvious errors, he has not identified a single case since AEDPA was enacted in which a district court has actually granted a Rule 59E motion in this posture, and his amici say that this happens regularly, but they've identified just three cases in more than 20 years in which it's actually occurred. In one of those cases, the district court could have actually granted that motion under our rule. And in the other two, the court of appeals could have entertained exactly the same arguments. So you — the benefits of his rule are largely hypothetical and quite minimal. And on the other side of that ledger, you have Rule 59E motions being filed regularly in the — last year it was 22,000 habeas in Section 2255 motions filed in the Federal District Courts. And so even if it only takes a few days for a judge or — to read through the 25-page motion and say, okay, I've thought about these before, I'm not persuaded by any of these arguments, over the entire course of those 22,000 cases, that burden is going to outweigh the benefits. Well, 59E is not wildly successful in any context. So your argument is really an argument against 59E. I mean, I don't know that there's statistics that say it's any less successful or significantly less successful in this context. So, Your Honor, I think that the key distinction is that in the context of habeas, when you're talking largely about pro se litigants, you're dealing with people who don't have the same constraints in terms of the motions that they're willing to file as regular litigants. A regular litigant has to pay a lawyer to file that motion. And if so — so if there's no chance that that motion is going to be granted, they just don't file it. In this context, though, the upshot of Petitioner's rule — I don't know if that's true, but keep going. So there may be some that are not meritorious, but they're going to be — Lawyers sure have incentive to file them, don't they? They may, but lawyers also have responsibilities to their clients to move the case along to the court of appeals. And so in our view, that's what Congress was doing here. Congress looked at habeas litigation prior to the enactment of AEDPA and recognized that it was flooding the Federal courts with repeat filings. So the purpose of the second or successive bar was to prevent those repeat filings. But 59e motions had not been considered second or successive before. Justice Kavanaugh, I don't agree with that. The only case prior to AEDPA that had asked whether a Rule 59e motion could qualify as a second or successive petition held that it could. Now, my friend on the other side says that courts entertained Rule 59e motions, but as Justice Alito pointed out, it made perfect sense in a pre-AEDPA world to say there's no jurisdictional bar with respect to second or successive petitions. The standard that I'm going to apply is a malleable ends-of-justice standard. I'm just going to cut to the chase and say, however you want to think about this motion, I'm denying it. But isn't that very different from what courts did with respect to Rule 60b? So Rule 60b provides a kind of comparator. And you can see the very divergent way that courts treated Rule 59 motions. So there were far more Rule 60b motions in the pre-AEDPA period, and one key reason for that was that at the time AEDPA was enacted, you had to file a Rule 59e motion within 10 days. So you had motions filed within 10 days, and then all of the other motions. So it makes sense that you'd see a much broader array of 60b motions. And those motions might be filed years and years after the case, where doing the analysis under 60b or the Rule 59e standard would require you to go back and comply completely immerse yourself in the case, and so it made sense to look to the standards that courts applied to abuse of the written second or successive petitions, whereas for Rule 59e motions, you could just sort of cut to the chase and that was perfectly appropriate. I think it's significant that what Congress did in AEDPA was change that. Congress said we're no longer going to use this malleable ends-of-justice standard. We're going to adopt a bar that says unless you come within these narrow categories, they're just jurisdictionally prohibited. I want to turn, if I could, though, to the text that Congress actually ---- You wouldn't bar all 59e motions, right? It wouldn't bar all 59e motions. And the argument on the other side is, therefore, the district court is going to have to make a threshold jurisdictional determination, which could be complicated and mixed. There might be mixed questions there, and what's the point? So, Your Honor, in Gonzales, this Court said that making that determination in most cases would be relatively simple. That's at page 532 of the opinion, and I think that's been borne out. There are a couple of reasons for that. One is that this goes to the mixed petitions argument. As the Court said in Gonzales, the question is whether the filing or the submission contains one or more claims. So you don't have to go through the entire submission and figure out is this a claim, is that a claim? Once you find one claim, then you have an application and it has to go through the second or successive bar. The other thing that I'd say about that is that my friend has suggested that perhaps Rule 59 motions that present, excuse me, new claims would somehow be treated differently from other Rule 59 motions. So once you make that concession, I think the idea that their rule is a perfectly clear rule sort of goes out the window, because you're going to have to decide whether the arguments that you're making in the Rule 59e motion are so similar to the arguments that you made before. I think their main argument was that would not be a proper 59e motion. It would not be a successful, I'm sorry, 59e motion. I think that was their main argument in response to that. I think that's fair, Your Honor. If I could, I'm happy to follow up more on that, but I wanted to turn to the text. And Justice Ginsburg, your first question in the first half of the argument was when you look at this, doesn't this look a little bit like a second application, because you had a prior one, and then you have the second one filed that makes the same arguments? And what my friend on the other side said, and what I think you will find every single time that he touches on this point in the brief, is he says, no, it's not a second application because the prior proceeding has not finished. And with respect, that's just not what the statute says. The statute in Section 2250 or 2244b says that the way you draw this line is you look at whether there's a second or successive application by asking whether there was a prior application, not a prior proceeding. And so here, there clearly was a prior application. That application was denied. And then Mr. Bannister submitted a second submission that was an application under the understanding that this Court had in Gonzales. And I don't understand, my friend, to have really disputed that this comes within that standard of application. So why is a move for summary judgment denied? Now, I can't make, go ahead with the trial, make the same motion to win on the merits? It's a second or successive. I'm just going the language. I'm just saying it can't mean that. So if you move for summary judgment, I mean, or something equivalent to that. You don't have to deal with that seriously. I'm just saying that there might be many examples in a trial where you repeat what you already said, and therefore the question is not answered in the statute. Is it still part of the same case? Or is it a new thing? Fisherman, Your Honor, though, you're eliding again, respectfully, you're eliding again the distinction between, it's not the same case. It's whether it's part of the same proceeding, or excuse me, it's not the proceeding. It's whether it's part of the same application. So the motion for summary judgment says you should grant my complaint in this case. You should award me relief on my complaint. But it's still going to that complaint. Once the case is, once that complaint has been adjudicated, once you have a final decision on the habeas application, Gonzales says that a subsequent filing that says that that determination was wrong is also an application. And I don't know how you can think of that as anything other than a second or successive application, because you already have the prior. Kagan, I guess I don't know how, if you draw the line there, you deal with an amended application. An amendment can be, you know, significantly different. Fisherman, That's true, Your Honor, and the statute expressly provides for that. In Section 2242, Congress says that you can amend a habeas petition in accordance with the applicable civil rules. So that provides for amendments, and it makes clear that that amendment still goes to the same application. There's no similar carve-out for Rule 159E. And if I could, I want to make sure I get to the Section 2266 question that you asked about, Justice Kavanaugh, because I think it's related. In that section, Congress went through and laid out, it looked very carefully at capital cases where it wanted to move the proceedings along, and it laid out deadlines for every one of the motions that it thought could be filed in every habeas case. Just incredibly detailed there, and it said nothing at all about Rule 159E. Now, my friend says that our argument is over-inclusive because it doesn't say — because we acknowledge that you can file Rule 159E motions in some cases where they don't actually make habeas claims. But just to be clear, our argument is more modest. It's not that because Section 2266 doesn't mention Rule 159E motions, they're categorically prohibited. Our argument is that when Congress looked really carefully at this and tried to set out deadlines for how the system should work in the Federal courts, it would have been really odd for Congress to leave out Rule 159E motions if, in fact, you could file in every single case a Rule 159E motion that asked the district court to re-adjudicate all of the arguments that it had already considered, because we know in that provision that Congress was trying to light a fire under the courts and make sure that those things are decided. Congress would not have wanted to say you have to make the initial decision, the initial final decision on the habeas application within 450 days or 60 days from when it's submitted for judgment, but then you don't need to adjudicate — you don't need to adjudicate that if there's a Rule 159E motion filed afterwards. Roberts. Thank you, counsel. Five minutes, Mr. Burgess. Thank you, Mr. Chief Justice. Three quick points. First, I wanted to address the other side's test. My friend from the United States was focusing on the test being prior — whether there was a prior application filed. But as Justice Kagan pointed out, that can't be the test, because that would incorporate amended complaints as well, and everyone agrees that that would not count as a second habeas application. The fallback position that I think Texas has forcefully advocated is that it should be the time of judgment. But that, too, is inconsistent with the structure of AEDPA, because in that, if you follow that logic, a petition for rehearing, which clearly is something that is in the appellate courts, which clearly is something that is filed after judgment, after the court of appeals has reached a determination, is asking them to say, hey, you got it wrong, we want you to revisit that, would not — would also be a habeas application. Their answer to both of those points is that, well, AEDPA specifically contemplates amended complaints and specifically contemplates petition for rehearing, but I take that just as an acknowledgment that their test is inconsistent with the structure of the statute, and they're having to develop ad hoc exceptions in order to read them in. Remember, under rule — habeas rule 12, the Federal Rules of Civil Procedure as a default apply in habeas proceedings. You have to demonstrate an inconsistency with the statute. So the fact that AEDPA doesn't specifically call them out and recognize Rule 50E motions does not establish an inconsistency. The other point I wanted to make, I didn't hear a response from the other side to Justice Gorsuch's question about why their process is not going to be much more burdensome in practice. A lot of the other side's arguments go to a theory that there should not be Rule 59E motions in habeas at all. But, of course, that's not their position and they can't get there as a matter of text. So it just is going to be the case that in every instance a district court is going to need to make this threshold inquiry about whether something is presenting a claim. Mr. Snyder said that that inquiry is going to be easy to determine, and maybe in some cases it will. But there certainly are going to be hard cases, and I think Fifth Circuit precedent alone bears that out. For example, the Fifth Circuit considers a motion that argues to the district judge, hey, you just missed this argument. You didn't rule on it at all. The Fifth Circuit considers that to be an attack on the integrity of the judicial proceeding, which is distinct in their view from arguing district court, you got it wrong. Similarly, the Fifth Circuit takes the view that alleging a conflict of interest by habeas counsel would be an attack on the integrity of the proceeding, even though this Court recognized in Gonzales that merely arguing that habeas counsel missed an issue or failed to develop it would not be something that goes to the integrity of the proceeding. The point is not whether the Fifth Circuit is right or wrong about those classifications, but that there are boundary cases and that it can be difficult. And to require a district court to make those threshold determinations and then potentially to have a court of appeals make a different determination about it is going to be much less efficient. It's going to create real uncertainty about rules that are supposed to be clear and are linked to the time to appeal. The last point I would like to make is with regard to Rule 4a and to Texas's argument about that. Their argument, as I understand it, relies on examples that exclusively involve instances that are not seeking genuine Rule 59e relief. And you need to look beyond the pleading to that to at least that extent. But that requirement comes right in the text of the rule itself. It has to be a motion under Rule 59e to alter or amend the judgment. If you've titled something Rule 59e and then you ask for attorney's fees or you title it Rule 59e and say I want an extension, but you don't actually ask to alter or amend the judgment, it doesn't satisfy the plain text of the rule. But Texas has expressly conceded, this is at page 44 of their brief, that Mr. Bannister did file a true Rule 59e motion. They just think it should be subject to section 2244b. But even if it is, that doesn't mean that the motion wasn't filed, that it was a true Rule 59e motion seeking that relief, and that is all that Rule 4a requires.  Thank you, counsel. Case is submitted.